UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Charles H. Emery</u>

    v.                                        Civil No. 10-cv-511-JL

<u>Michael J. Astrue, Commissioner</u>
<u>Social Security Administration</u>

**REPORT AND RECOMMENDATION**

    Charles Emery seeks judicial review of a decision of the Social Security Administration to deny his application for benefits. Before me for a report and recommendation is the Commissioner's motion to dismiss, or to transfer this case, due to improper venue. Emery has filed no objection. For the reasons given, I recommend that the Commissioner's motion be granted, and the case be transferred to the District of Vermont.

    The statutory provision on which Emery relies for his cause of action provides that civil actions seeking review of decisions by the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). In his complaint, Emery states that he "currently resides at 82 Grove Street, Apt. #3, in the City of Rutland, County of Rutland, and

State of Vermont." Compl. ¶ 2. He further avers that "[w]hen [he] filed his application for benefits he had been a long-term resident of Manchester, New Hampshire [and that] [t]he application was processed in New Hampshire and the appeal hearing was held at ODAR in Manchester, N.H." Id. The Commissioner argues that because Emery resides in Vermont, and makes no allegation concerning a principal place of business in New Hampshire, venue does not lie in this judicial district. The Commissioner is correct.

   Faced with an action filed in the wrong district, the court has two options. It could dismiss the case. See Sanders v. U.S. Gov't, No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *1 (N.D. Ga. Jan. 22, 2009) (dismissing, without prejudice, Social Security benefits claim brought in Northern District of Georgia by resident of California). Or, it could transfer the case to the District of Vermont. See Tyler v. Comm'r of Soc. Sec., Civ. No. 08-6275 (RMB), 2009 WL 3447236, at *2-3 (D.N.J. Oct. 20, 2009) (transferring case from District of New Jersey to District of South Carolina); cf. Crews v. Sullivan, 929 F.2d 703 (unpublished table decision), No. 90-2094, 1991 WL 46409, at *1 (7th Cir. Apr. 3, 1991) (noting change of venue due to claimant's move from one district to another); Banushi v. Barnhart, Civ. No. 06-10042-RWZ, 2007 WL 1858658, at *1 (D. Mass. June 26, 2007) (noting that magistrate judge in District

of Rhode Island had transferred case to District of Massachusetts due to improper venue).  Here, I recommend that "in the interest of justice," 28 U.S.C. § 1404(a), this case be transferred to the District of Vermont.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  February 14, 2011

cc:  Janine Gawryl, Esq.
     T. David Plourde, Esq.

3